UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

ROBERT HITE, individually,

    Plaintiff,

v.

CAPITAL ONE BANK (USA), N.A.,
a chartered national bank,
ALLIED INTERSTATE, INC,
a foreign corporation, and
NCO FINANCIAL SYSTEMS, INC.,
a foreign corporation,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES, DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF
## JURY DEMAND

1. Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA"). Plaintiff alleges that while he was home suffering from cancer, Defendants, in an attempt to collect an alleged debt, incessantly and unlawfully called Plaintiff's residential telephone using an artificial or prerecorded voice. The debt in question was paid off long ago, a fact which was disclosed to Defendants on numerous occasions. Although Plaintiff pleaded with

Defendants to stop calling his home, Defendants ignored said request and continued their illegal collection efforts, eventually calling Plaintiff several hundred times. Consequently, Plaintiff is entitled to statutory and actual damages under the FDCPA, equitable relief and statutory damages under both the TCPA and FCCPA, as well as damages for emotional distress in accordance with the FCCPA.

## JURISDICTION AND VENUE

2. This Court has diversity jurisdiction over Defendants CAPITAL ONE BANK (USA), N.A., ALLIED INTERSTATE, INC. and NCO FINANCIAL SYSTEMS, INC. under 28 U.S.C. § 1332 as there is both diversity of citizenship and more than $75,000.00 dollars in controversy. This Court also has federal question jurisdiction against Defendants ALLIED INTERSTATE, INC. and NCO FINANCIAL SYSTEMS, INC. under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Additionally, this Court has supplemental jurisdiction against all parties under 28 U.S.C. § 1367. Venue in this District is proper because Plaintiff resides here and Defendants do business in this District.

## PARTIES

3. Plaintiff, ROBERT HITE ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Palm Beach County, Florida.

4. Defendant, CAPITAL ONE BANK (USA), N.A. ("CAPITAL ONE"), is a chartered National Bank, a citizen of the Commonwealth of Virginia, with its principal place of business located at 4851 Cox Road, Glen Allen, Virginia 23060.

5. Defendant, ALLIED INTERSTATE, INC. ("ALLIED"), is a foreign corporation, a citizen of Minnesota, with its principal place of business located at 12755 State Highway 55, Suite 300, Plymouth, Minnesota 55441.

6. Defendant, NCO FINANCIAL SYSTEMS, INC. ("NCO"), is a foreign corporation, a citizen of Pennsylvania, with its principal place of business located at 507 Prudential Road, Horsham, Pennsylvania 19044.

7. Defendants ALLIED and NCO regularly use the mail and telephone in businesses whose principal purpose is the collection of consumer debts.

8. At all times material to the allegations of this complaint, Defendants ALLIED and NCO were acting as debt collectors with respect to the collection of Plaintiff's alleged debt.

9. Defendants ALLIED and NCO are "debt collectors" as that term is defined by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995).

10. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

> *(a) Abusive practices*
> There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
> *(b) Inadequacy of laws*
> Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

11. CAPITAL ONE is vicariously liable for the TCPA and FCCPA violations of ALLIED and NCO who sought to collect an alleged debt on its behalf. *Glen Ellyn Pharmacy v. Promius Pharma, LLC*, Slip Copy, 2009 WL 2973046 (N.D.Ill. 2009); *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994).

## FACTUAL ALLEGATIONS

12. The instant lawsuit stems from the telephonic collection efforts of Defendants from approximately July 2009 to March 2010.

13. Defendants sought to collect an alleged consumer debt from Plaintiff and called Plaintiff's home telephone hundreds of times in an effort to collect said debt.

14. Plaintiff had a Capital One Bank credit card at one time but paid off his account in full in 2000 or 2001.

15. Plaintiff maintains that he never provided his home telephone number to Defendants and never consented to any calls being made to his home.

16. Plaintiff has been suffering from lung cancer since 2008 and has attempted to convalesce at his home only to be disturbed by Defendants' incessant calling.

17. Plaintiff maintains that in spite of his numerous attempts to stop Defendants' constant barrage of telephone calls, Defendant persisted on calling Plaintiff's residential telephone on hundreds of occasions.

18. Plaintiff wrote to Defendant CAPITAL ONE on November 2009 and December 2009 and requested that said Defendant immediately cease their debt collection phone calls and that he had no credit card with Capital One Bank.

19. A true and correct copy of said correspondence is attached hereto as Exhibit "A".

20. After placing more than 500 debt collection phone calls to Plaintiff's residence, on March 2010, CAPITAL ONE wrote to Plaintiff and apparently acknowledged their error.

21. A true and correct copy of CAPITAL ONE's letter is attached hereto as Exhibit "B".

22. Plaintiff maintains that Defendants' attempt to collect the alleged debt, including but not limited to the large volume of telephone calls, was unlawful as Plaintiff had either gave verbal or written notice to Defendants that he did not owe them any money.

23. Defendants made telephone calls to Plaintiff's residential telephone, which were initiated by an artificial or prerecorded voice and made without the prior express consent of Plaintiff.

24. That none of Defendants' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227(b)(1)(A) or otherwise permitted under 47 U.S.C. § 227(2)(B).

25. That Defendant either willfully or knowingly violated the TCPA.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
**(Defendants Allied and NCO)**

26. Plaintiff incorporates Paragraphs 1 through 25.

27. By calling Plaintiff's home repeatedly and falsely alleging that Plaintiff owed money on his Capital One Bank credit card, Defendants ALLIED and NCO violated 15 U.S.C § 1692d(5) and/or 15 U.S.C. § 1692e(2)(a).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of the instant suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## VIOLATIONS OF TELEPHONE CONSUMER PROTECTION ACT
### (All Defendants)

28. Plaintiff incorporates Paragraphs 1 through 25.

29. Defendants violated 47 U.S.C. § 227(b)(1)(B) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's residential telephone, which were initiated by an artificial or prerecorded voice and not legally permitted under any provision to the aforementioned statute.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a. Statutory damages for each violation of the TCPA;

    b. Statutory damages for each knowing or willful violation of the TCPA;

    c. A permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's residential telephone initiated by artificial or prerecorded voice;

    d. Attorney's fees, litigation expenses and costs of the instant suit; and

    e. Such other or further relief as the Court deems proper.

## COUNT III
## VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
**(All Defendants)**

30.     Plaintiff incorporates Paragraphs 1 through 25.

31.     Pursuant to 28 U.S.C §§ 2201, 2202, and Fla. Stat. § 559.77(2), Plaintiff seeks a declaration that Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7) and/or 559.72(9).

32.     The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

33.     The FCCPA provides for actual damages as well as $1,000.00 dollars in statutory damages.  *See* Fla. Stat. § 559.77(2).

34.     The FCCPA permits for the recovery of damages for emotional distress and is not subject to the impact rule.  *Florida Department of Corrections v. Abril,* 969 So. 2d 201 (Fla. 2007).

35.     Plaintiff seeks a permanent injunction prohibiting Defendants and any other party from either contacting or otherwise collecting the alleged debt from Plaintiff.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

    a.    $1,000.00 dollars for violations of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7) and/or 559.72(9);

    b.    Actual damages for Plaintiff's emotional distress;

    c.    Declaring that Plaintiff does not owe any monies with respect to the alleged debt sought by Defendants;

    d.    Declaring that Defendants' practices are in violation of the FCCPA, including but not limited to Fla. Stat. §§ 559.72(7) and/or 559.72(9);

    e.    Permanently enjoining Defendants and any other parties from either contacting or otherwise collecting upon the alleged debt from Plaintiff;

    f.    Attorney's fees, litigation expenses and costs of suit; and

    g.    Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated this 18<u>th</u> day of May, 2010.

                                SCOTT D. OWENS, ESQ.
*Attorney for Plaintiff Robert Hite*
Cohen & Owens, P.A.
3801 Hollywood Blvd., Suite 200
Hollywood, Florida 33021
Telephone: 954-923-3801
Facsimile: 954-967-2791
scott@cohenowens.com


By:/s/Scott D. Owens
    Scott D. Owens, Esq.
    Florida Bar No. 0597651